UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.:

FABIANA MALLORY,

    Plaintiff,

v.

GARTNER, INC.,
a Foreign Profit Corporation

    Defendant.
_____/

## COMPLAINT

Plaintiff, FABIANA MALLORY ("MALLORY" or Plaintiff), by and through her undersigned counsel, hereby files this Complaint against Defendant, GARTNER, INC. (hereinafter "GARTNER" or "Defendant") and says:

## JURISDICTION AND VENUE

1.    This action is brought against Defendant for its unlawful employment practices pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), § 706(f) (42 U.S.C. § 2000e-5(f)), which incorporates by reference the Civil Rights Act of 1964 codified at 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

2.    This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Middle District of Florida; because the actions which give rise to Plaintiff's claims happened within the Middle District of Florida; and because Defendant is subject to personal jurisdiction herein.

1

4. All conditions precedent to this action have been performed or waived.

**PARTIES**

5. Plaintiff is a resident of Lee County, Florida, over the age of 18 years and otherwise sui juris. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a Client Partner.

6. Plaintiff is a female who experienced disparate treatment, hostile work environment, and retaliation on the basis of her race and national origin. Plaintiff is therefore a member of a class protected under the Title VII and the FCRA because the terms, conditions, and privileges of her employment were altered because of her race, and national origin, Brazilian.

7. Defendant is a Foreign Profit Corporation registered to do business within Florida, with its principal place of business in Stamford, Connecticut. Defendant has, at all times material hereto, conducted substantial and continuous business within the Middle District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10. Plaintiff filed her charge on or about February 10, 2020, which was no more than 300 days after the last discriminatory event occurred, to wit: January 28, 2020.

11. Plaintiff was issued a Notice of Suit Rights on March 31, 2021. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

## GENERAL ALLEGATIONS

12. Plaintiff worked for Defendant as a Client Partner from on or about May 28, 2019 until her termination on January 28, 2020.

13. Plaintiff is of Brazilian origin. Plaintiff's first language is Portuguese and she speaks with an accent.

14. Plaintiff originally applied for Client Account Manager which is a Portuguese speaking position but she was advised that she was not qualified. However, Plaintiff was informed that she was qualified for the Client Partner position.

15. Defendant's recruiter, Janie Dinnis, assured Plaintiff if she accepted the Client Partner position, she would be assigned to a Portuguese speaking territory.

16. Plaintiff underwent Defendant's training program and passed all the required tests.

17. After Plaintiff successfully completed her training, she was assigned to the New Jersey territory which was an English speaking territory.

18. Due to Plaintiff's accent, she did not feel comfortable with the English speaking territory.

19. Plaintiff repeatedly asked for a transfer to a Portuguese speaking territory because she felt more comfortable with the language and culture but her requests were denied.

20. Instead of moving Plaintiff to a Portuguese speaking territory, her manager Taylor Disantis told Plaintiff the New Jersey territory was too difficult for her and that her training would be harder than usual.

21. Specifically, the difficulty continued to increase until Plaintiff started to make mistakes.

22. The training was designed to be so difficult that Plaintiff would fail.

23. On or about January 28, 2020, Plaintiff was advised that she was terminated for being disrespectful to co-workers and she displayed a lack of integrity, which was pretextual.

24. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's race and national origin was, at minimum, a motivating factor in Defendant's decision for her termination[1].

25. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

26. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

### COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (DISCRIMINATION BASED ON RACE)

27. Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

28. Plaintiff brings this action under Title VII for damages caused by Defendant's disparate treatment of Plaintiff on the basis of race.

29. Plaintiff is a member of a protected class, to wit, Hispanic.

30. Since the beginning of Plaintiff's employment with Defendant, Plaintiff experienced discriminatory treatment from Defendant, due to Plaintiff's race.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

31. Defendant subjected Plaintiff to a more rigorous training program than her other non-Hispanic co-workers and refused to transfer to a more suitable territory.

32. Due to the disparate treatment inflicted on Plaintiff on the basis of her race, Plaintiff was forced to endure a hostile work environment, which eventually lead to Plaintiff's termination.

33. On or about January 28, 2020, Plaintiff was advised that she was terminated for being disrespectful to co-workers and she displayed a lack of integrity, which was pretextual.

34. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's race was, at minimum, a motivating factor in Defendant's decision for her termination.

35. Defendant acted with intentional disregard for Plaintiff's rights a Hispanic person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct.

36. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

37. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff FABIANA MALLORY requests that:

    a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's

    discriminatory treatment in an amount to be determined at trial and in accordance with the Title VII;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (DISCRIMINATION BASED ON NATIONAL ORIGIN)

38. Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

39. Plaintiff brings this action under Title VII for damages caused by Defendant's disparate treatment of Plaintiff on the basis of national origin.

40. Plaintiff is a member of a protected class, to wit, of Brazilian origin.

41. Since the beginning of Plaintiff's employment with Defendant, Plaintiff experienced discriminatory treatment due to her national origin while employed with Defendant.

42. Defendant subjected Plaintiff to a more rigorous training program than her other non-Brazilian co-workers and refused to transfer to a more suitable territory.

43. Due to the disparate treatment inflicted on Plaintiff on the basis of her national origin, Plaintiff was forced to endure a hostile work environment, which eventually lead to Plaintiff's termination.

44. On or about January 28, 2020, Plaintiff was advised that she was terminated for being disrespectful to co-workers and she displayed a lack of integrity, which was pretextual.

45. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's national origin was, at minimum, a motivating factor in Defendant's decision for her termination.

46. Defendant acted with intentional disregard for Plaintiff's rights as a person of Brazilian origin protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct.

47. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

48. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff FABIANA MALLOY requests that:

    a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Title VII;

    b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not

   been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

  c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

  d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (RETALIATION)

49. Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

50. Plaintiff brings this action for retaliation in violation of Title VII.

51. Plaintiff had been experiencing discriminatory treatment by Defendant due to her race and/or national origin.

52. Plaintiff complained about the disparate treatment due to her race and/or national origin to Defendant.

53. As a result of Plaintiff's complaints, Defendant terminated her on or about January 28, 2020.

54. Plaintiff was advised that she was terminated for being disrespectful to co-workers and she displayed a lack of integrity, which was pretextual.

55. Plaintiff's termination constitutes an adverse employment action under Title VII.

56. Defendant's actions were done with malice, and with disregard for Plaintiff's rights under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

  WHEREFORE, Plaintiff FABIANA MALLORY requests that:

    a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

    b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

    c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT IV:  VIOLATION OF FCRA**
**(DISCRIMINATION BASED ON RACE)**

57.    Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

58.    Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Fla. Stats. § 760.01 *et seq*., for damages caused by Defendant's disparate treatment of Plaintiff.

59.    Plaintiff is a member of a protected class, to wit, Hispanic.

60.    Since the beginning of Plaintiff's employment with Defendant, Plaintiff experienced discriminatory treatment from Defendant, due to Plaintiff's race.

61.    Defendant subjected Plaintiff to a more rigorous training program than her other non-Hispanic co-workers and refused to transfer to a more suitable territory.

62. Due to the disparate treatment inflicted on Plaintiff on the basis of her race, Plaintiff was forced to endure a hostile work environment, which eventually lead to Plaintiff's termination.

63. On or about January 28, 2020, Plaintiff was advised that she was terminated for being disrespectful to co-workers and she displayed a lack of integrity, which was pretextual.

64. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's race was, at minimum, a motivating factor in Defendant's decision for her termination.

65. Defendant acted with intentional disregard for Plaintiff's rights a Hispanic person protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct.

66. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

67. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff FABIANA MALLORY requests that:

    a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

    b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

    c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT V: VIOLATION OF FCRA
### (DISCRIMINATION BASED ON NATIONAL ORIGIN)

68. Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

69. Plaintiff brings this action under FCRA for damages caused by Defendant's disparate treatment of Plaintiff.

70. Plaintiff is a member of a protected class, to wit, of Brazilian origin.

71. Since the beginning of Plaintiff's employment with Defendant, Plaintiff experienced discriminatory treatment due to her national origin while employed with Defendant.

72. Defendant subjected Plaintiff to a more rigorous training program than her other non-Brazilian co-workers and refused to transfer to a more suitable territory.

73. Due to the disparate treatment inflicted on Plaintiff on the basis of her national origin, Plaintiff was forced to endure a hostile work environment, which eventually lead to Plaintiff's termination.

74. On or about January 28, 2020, Plaintiff was advised that she was terminated for being disrespectful to co-workers and she displayed a lack of integrity, which was pretextual.

75. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's national origin was, at minimum, a motivating factor in Defendant's decision for her termination.

76. Defendant acted with intentional disregard for Plaintiff's rights as a person of Brazilian origin protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct.

77. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

78. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff FABIANA MALLORY requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VIII: VIOLATION OF FCRA
## (RETALIATION)

79. Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

80. Plaintiff brings this claim for retaliation in violation of FCRA.

81. Plaintiff had been experiencing discriminatory treatment by Defendant due to her race and/or national origin.

82. Plaintiff complained about the disparate treatment due to her race and/or national origin to Defendant.

83. As a result of Plaintiff's complaints, Defendant terminated her on or about January 28, 2020.

84. Plaintiff was advised that she was terminated for being disrespectful to co-workers and she displayed a lack of integrity, which was pretextual.

85. Plaintiff's termination constitutes an adverse employment action under FCRA.

86. Defendant's actions were done with malice, and with disregard for Plaintiff's rights protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff FABIANA MALLORY requests that:

    a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's

    discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to the applicable statute; and

c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff FABIANA MALLORY hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: June 16, 2021

                                      LAW OFFICES OF CHARLES EISS, P.L.
                                      Attorneys for Plaintiff
                                      7951 SW 6th Street, Suite 112
                                      Plantation, Florida 33324
                                      (954) 914-7890 (Office)
                                      (855) 423-5298 (Facsimile)

                     By:    /s/ Charles M. Eiss
                                      CHARLES M. EISS, Esq.
                                      Fla. Bar #612073
                                      chuck@icelawfirm.com
                                      SHANNA WALL, Esq.
                                      Fla. Bar #0051672
                                      shanna@icelawfirm.com