# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

FABIANA MALLORY,

    Plaintiff,

v.                                         Case No: 2:21-cv-462-SPC-MRM

GARTNER, INC.,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Gartner, Inc.'s, Motion to Dismiss (Doc. 16) and Fabiana Mallory's Response (Doc. 18).[2] For the following reasons, the Court grants in part and denies in part.

## BACKGROUND

This is an employment discrimination case. The Court recounts the factual background as pled in the Complaint,[3] which it must take as true to

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Future filings must comply with the new Local Rules, effective February 1, 2021, including Local Rule 1.08(b), stating that if the parties use Times New Roman, the typeface must increase to at least 14-point for the main text.

[3] The Court notes that the Complaint states that the notice of right to sue letter is attached as Exhibit A (Doc. 1 at ¶ 11), but no letter is attached. Mallory alleges "all conditions precedent to this action have been performed or waived," which Gartner does not challenge.

decide whether the Complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012). Mallory is Brazilian, her first language is Portuguese, and she speaks English with an accent. She originally applied with Gartner for a Client Account Manager position, which is a Portuguese-speaking position. But Gartner told her she was not qualified for that position. Instead, Gartner told her she was qualified for the Client Partner position. Janie Dinnis, a Gartner recruiter, assured Mallory that if she accepted the Client Partner position, she would be assigned to a Portuguese-speaking territory. Mallory took the position and worked for Gartner as a Client Partner from May 2019 to January 2020.

Mallory's training went well, and she was assigned to the New Jersey territory, which is an English-speaking territory. Because of her accent, she did not feel comfortable with the assignment. Mallorys repeatedly requested to transfer to a Portuguese-speaking territory. Her requests were denied. Instead of a transfer, her manager, Taylor Disantis, told her that the New Jersey territory was too difficult for her and that her training would be harder than usual. Because of the increasing difficulty, Mallory made mistakes. The training was designed to be difficult so that she would fail.

On January 28, 2020, Gartner terminated Mallory for being disrespectful to co-workers and because she displayed a lack of integrity, which was pretextual and in retaliation for her complaints of disparate treatment.

Mallory alleges that she was treated less favorably than others because of her race and national origin. Gartner faces six claims: (1) discrimination based on race under the Title VII (Count 1); (2) discrimination based on national origin under Title VII (Count 2); (3) Title VII retaliation (Count 3); (4) FCRA race discrimination (Count 4); (5) FCRA national origin discrimination (Count 5); and (6) FCRA retaliation (Count 6).

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Courts must accept all well-pled allegations as true and view them most favorably to plaintiff. *Almanza v. United Airlines, Inc.,* 851 F.3d 1060, 1066 (11th Cir. 2017).

## DISCUSSION

Gartner argues that Mallory fails to allege facts sufficient to support any claim.

### A. Discrimination claims

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise discriminate against any individual with respect to his

3

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). A plaintiff pursuing a claim under Title VII can establish discrimination with direct or circumstantial evidence. *See Castillo v. Allegro Resort Mktg.,* 603 F. App'x 913, 916 (11th Cir. 2015). To show discrimination based on circumstantial evidence, as here, the *McDonnell Douglas* burden-shifting framework controls. *See id.* at 917 (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-03 (1973)). The plaintiff's prima facie case is the first step in the framework. This requires the plaintiff to show she (1) is a member of a protected class; (2) was qualified for the job; (3) suffered an adverse employment action; and (4) a similarly situated individual outside her protected class was treated more favorably.[4] *See id.* (citation omitted).

Gartner argues that the Complaint fails to allege facts establishing the second and fourth elements of the prima facie case: that she was qualified to do the job, and was treated less favorably than a similarly situated individual outside her protected class.

---

[4] The Court's analysis of Mallory's discrimination claims under Title VII applies equally to her claims under the FCRA. *See Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1271 (11th Cir. 2010) (stating discrimination claims under the FCRA are generally subject to the same legal standards as claims based on Title VII); *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir.1998) ("The Florida courts have held that decisions construing Title VII are applicable when considering claims under the [FCRA], because the Florida act was patterned after Title VII." (citations omitted)).

Regarding the second element, Gartner argues that Mallory "has failed to establish that she was qualified for the position–and her own pleading establishes that Defendant had a legitimate reason for believing Plaintiff was not qualified for the position due to her 'mistakes' during 'rigorous training'– she has not sufficiently alleged a prima facie case of discrimination." (Doc. 16 at 7-8). But, as Mallory argues in her response, at the motion to dismiss stage she need not establish her case. "To withstand a motion to dismiss, however, a plaintiff asserting discrimination under ... Title VII need not allege specific facts establishing a prima facie case of the employer's liability." *Castillo*, 603 F. App'x at 917. The *McDonnell Douglas* "burden-shifting analysis is an evidentiary standard, not a pleading requirement, and thus it applies only to summary judgment motions and beyond." *Id.*; *see also Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011) ("A complaint in an employment discrimination case need not contain specific facts establishing a prima facie case under the evidentiary framework for such cases to survive a motion to dismiss." (citation omitted)). That does not mean a plaintiff can skirt a motion to dismiss. The Eleventh Circuit has clarified that, "in order to avoid dismissal, a plaintiff's complaint must provide enough factual matter (taken as true) to suggest intentional ... discrimination." *Castillo*, 603 F. App'x at 917 (internal quotations and citations omitted); *see also Townsend v. Hilton Worldwide, Inc.*, No. 8:16-cv-990-17JSS, 2016 WL 6518437, at *6

(M.D. Fla. Nov. 1, 2016) (stating a "[p]laintiff need not allege facts supporting each element of the prima facie case," but that she "must allege sufficient facts 'to support intentional [race] discrimination'" (internal quotation and citations omitted)).

Mallory plausibly alleges that she was qualified for the Client Partner position. She alleges that Gartner informed her she was qualified for the position and she successfully completed the training program. (Doc. 1 at ¶¶ 14, 17). Although she made mistakes, she alleges she did so because Gartner set her up to fail, motivated by discriminatory intent. These allegations are enough to survive dismissal.

Regarding the fourth element, Gartner argues that the Complaint fails to identify a comparator group treated differently, and allegations that "Gartner subjected her to more rigorous training than her co-owners is insufficient to establish the element that Gartner treated Plaintiff less favorably than similarly situated employees outside her protected class." (Doc. 16 at 8). Again, Mallory need not establish a prima facie case to withstand a motion to dismiss, but Gartner's argument here is well taken.

Plaintiffs must show they are "similarly situated in all material respects" to comparators. *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1229 (11th Cir. 2019) (en banc). Determining whether comparators meet that standard is inherently context-specific to each case. *Id.* at 1227. Yet an "employer is well

6

within its rights to accord different treatment to employees who are differently situated in 'material respects'—e.g., who engaged in different conduct, who were subject to different policies, or who have different work histories." Id. at 1228. At bottom, the analysis turns on the "substantive likenesses" between the plaintiff and the comparators. Id.

Mallory argues that the Complaint's allegations are sufficient, yet the only allegation to support comparators reads: "Defendant subjected Plaintiff to a more rigorous training program than her other non-Hispanic co-workers and refused to transfer to a more suitable territory." (Doc. 1 at ¶¶ 31, 42, 61, 72). But Mallory does not allege how she and the proffered comparators were similarly situated. So, Mallory has not plausibly alleged that any similarly situated employees were treated differently.

Mallory is correct that a substantive assessment of comparators is left to later stages of a case. E.g., Lewis, 918 F.3d at 1218; Alvarez v. Lakeland Area Mass Transit Dist., 406 F. Supp. 3d 1348, 1354 (M.D. Fla. 2019). Yet she still needs to plead a facially plausible claim of race and national origin discrimination. See Castillo, 603 F. App'x at 917. And courts often do dismiss complaints for failing to allege enough factual support on the comparators. See, e.g., Gilliam v. U.S. Dep't of Veterans Affairs, No. 2:16-cv-255-FtM-29UAM, 2019 WL 1383156, at *3-4 (M.D. Fla. Mar. 27, 2019) ("And because Plaintiff has failed to identify an adequate comparator, his race, national

origin, and gender discrimination claims are facially implausible."); *Caraway v. Sec'y, U.S. Dep't of Transp.*, 550 F. App'x 704, 710 (11th Cir. 2013); *Dillard v. Brennan*, No. 2:17-cv-338-ECM, 2019 WL 1388579, at *4-5 (M.D. Ala. Mar. 27, 2019). And the same result applies here.

## B. Retaliation claims

Title VII prohibits retaliation by an employer because an employee opposed an unlawful employment practice. 42 U.S.C. § 2000e–3(a). "A prima facie case of retaliation under Title VII requires the plaintiff to show that: (1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008); *see also Matamoros v. Broward Sheriff's Office*, 2 F.4th 1329, 1336 (11th Cir. 2021) (FCRA elements same).

Gartner objects to the first element, arguing that the Complaint is devoid of factual allegations supporting the claim that Mallory engaged in protected activity and contains only conclusory statements. In this regard, the Complaint alleges,

> Plaintiff had been experiencing discriminatory treatment by Defendant due to her race and/or national origin.
>
> Plaintiff complained about the disparate treatment due to her race and/or national origin to Defendant.

> As a result of Plaintiff's complaints, Defendant terminated her on or about January 28, 2020.
>
> Plaintiff was advised that she was terminated for being disrespectful to co-workers and she displayed a lack of integrity, which was pretextual.

(Doc. 1 at ¶¶ 51-54, 81-84).

Viewing the allegations most favorably to Mallory, they are sufficient to plausibly allege the first element of the prima facie case for a retaliation claim. Mallory alleges she complained to Gartner about the disparate treatment and was terminated when she did.

Accordingly, it is now

**ORDERED:**

The Motion to Dismiss (Doc. 16) is **GRANTED IN PART AND DENIED IN PART**. Counts 1, 2, 4, and 5 are **dismissed without prejudice** to filing an amended complaint by **September 13, 2021**. **The failure to file a timely amended complaint will result in the closing of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 30, 2021.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record